Eastern District of Kentucky
F I L E D
FEB 21 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 18-9-HRW

PAMALA AXON, PLAINTIFF,

v.      MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL,
ACTING COMMISIONER OF SOCIAL SECURITY,      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits in October 2016, alleging disability beginning in June 2016, due to mental impairments. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Robert Bowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 31-43). Plaintiff was 42 years old at the time of the hearing decision. She has limited education her past relevant work experience consists of work as a 911 dispatcher, dialysis technician and nurse assistant.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 33).

The ALJ then determined, at Step 2, that Plaintiff suffers from depressive disorder, bipolar disorder and personality disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 33-34).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 34). In doing so, the ALJ specifically considered Listings 12.04 and 12.08 (Tr. 34-35).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels with the following limitations: (1) understand and remember simple and detailed instructions; (2) sustain attention for two-hour periods as required in a 40-hour workweek; (3) tolerate occasional contact with the general public; and (4) adapt to simple routine changes (Tr. 35). While Plaintiff could not return to her past work with these limitations (Tr. 42), the ALJ found that she could perform other work existing in significant numbers in the national economy (Tr. 42-43). Thus, he concluded that Plaintiff was not disabled within the meaning of the Act (Tr. 43).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14, 15 and 18] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

3

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the opinions of her treating therapist and (2) the ALJ failed to properly evaluate Plaintiff's credibility and her work history.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate the opinions of her treating therapist.

The provider in question is Julia Lauderback, a licenses clinical social worker who opined that Plaintiff's abilities in several areas are limited to a degree that would be disabling. (Tr. 606-07). Specifically, she opined that Plaintiff is markedly limited in the ability to maintain attention for 2-hour segments; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to sustain an ordinary routine without special supervision; the ability to work in coordination with or proximity to others without being distracted by them; and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.*

4

She also opined that Plaintiff is markedly limited in the ability to get along with coworkers or peers without distracting them or exhibiting respond appropriately to changes in the work setting, the ability to travel in unfamiliar places or use public transportation, and the ability to set realistic goals or make plans independently of others. *Id.*

She further opined that Plaintiff is severely limited in the ability to interact appropriately with the general public, the ability to ask simple questions or request assistance, and the ability to accept instructions and respond appropriately to criticism from supervisors. Tr. 607. She also opined that Plaintiff is severely limited in the ability to deal with work stresses. *Id.* She listed diagnoses of major depressive disorder, generalized anxiety disorder, and borderline personality disorder. *Id.* She wrote:

> In my opinion, this client would be unable to hold down gainful employment due to rapid cycling bipolar I disorder, erratic, bizarre behavior in manic phases, severe suicidal depression with acting on thoughts during depressed phases. She has been hospitalized 3 times in less than 1 [year] due to suicide attempts. She also suffers with PTSD (childhood trauma), anxiety, difficulty concentrating, racing thoughts, and generalized anxiety.

*Id.*

In sum, Ms. Lauderback's opinion is that Plaintiff of foreclosed from any type of work. Although Plaintiff maintains that Ms. Lauderback's opinion is entitled to the deference afforded to treating physicians, "treating therapist" is a misnomer. A "treating source" is identified as an "acceptable medical source" who has an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1527(a)(2). But social workers like Ms. Lauderback are not acceptable medical sources. *See* 20 C.F.R. § 404.1502(a); *see also Boyett v. Apfel*, 8 F. App'x 429, 433 (6th Cir. 2001) ("The regulations cited by the ALJ, however, clearly outline who can be an acceptable

5

medical source and social workers are not included."). Because she was not an acceptable medical source, Ms. Lauderback could never be a "treating source." *See* 20 C.F.R. § 404.1527(a)(2). Nor was she qualified to issue a "medical opinion," as that term is used by the Commissioner. *See* 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources . . . ."). Thus, her opinion is not entitled to any particular deference under the Commissioner's rules. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ had "discretion to assign it any weight he fe[lt] appropriate based on the evidence of record." *Noto v. Comm'r of Soc. Sec.*, 623 F. App'x 243 248-29 (6th Cir. 2015) (unpublished) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)).

Here, the ALJ satisfied this standard by stating by stating that he gave the opinion little weight because the opinion was not consistent with the record as a whole (Tr. 42). Moreover, earlier in his decision, he cited numerous objective findings which contradict Ms. Lauderback's opinion of extreme limitation. (Tr.41). This was certainly substantial evidence on which the ALJ reasonably relied to give little weight to Ms. Lauderback's opinion.

Notably, Plaintiff concedes that lack of consistency with the record is a valid reason for discounting an opinion. [Docket No. 15, p. 8]. However, her arguments ignore the nature of a substantial evidence standard. This Court's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. *See generally, Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003).

Plaintiff's second claim of error is that the ALJ failed to properly consider Plaintiff's work history. While this was a factor that the ALJ was required to consider, *see* 20 C.F.R §

404.1529(c)(3), there was no requirement that the ALJ explicitly discuss it. Moreover, she concedes that it does not necessarily enhance the reliability of her subjective complaints [Docket No. 15, p. 9]. As the challenging party, Plaintiff bore the burden of proving that she had been harmed by the ALJ's alleged errors. By conceding that her work history may not enhance her believability, Plaintiff has abdicated her position. AS such, the Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21 day of February 2019.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge